UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLENIC PETROLEUM LLC,<br><br>    Plaintiff/Counter-Defendant,<br><br>    v.<br><br>MANSFIELD OIL COMPANY OF GAINESVILLE, INC., et al.,<br><br>    Defendants/Counterclaimants. | No. 1:19-cv-01071-DAD-SKO<br><br><u>ORDER GRANTING MOTION TO REOPEN CASE AND ENTER FINAL JUDGMENT</u><br><br>(Doc. No. 32) |

This matter is before the court on defendant Mansfield Oil Company of Gainesville's ("Mansfield" or "defendant") motion to: reopen this case; set aside the parties' voluntary dismissal without prejudice, and enter final judgment in its favor in keeping with the parties' settlement agreement. (Doc. No. 32.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendant's motion was taken under submission to be decided on the papers. (Doc. No. 34.) For the reasons set forth below, the court will grant defendant's motion.

**BACKGROUND**

On August 5, 2019, plaintiff Hellenic Petroleum LLC ("Hellenic" or "plaintiff") initiated this action, asserting breach of contract and other state law claims against defendants Mansfield

1

and Margie Lang.  (Doc. No. 1.)  On October 16, 2019, defendants filed an answer, and defendant Mansfield filed a counterclaim against plaintiff and filed a third-party complaint against third-party defendant Panagiotis Kechagias.  (Doc. No. 11.)  On February 27, 2020, defendant Mansfield filed its first amended counterclaim against plaintiff.  (Doc. No. 24.)

Thereafter, the parties entered into a Settlement Agreement and Release ("Settlement") effective July 10, 2020, under which Hellenic would make payments totaling $950,000 to Mansfield over the course of three years.  (Doc. Nos. 32 at 4; 33-1 at 3.)  The parties' Settlement specifically provided that, in the event of Hellenic's default under the agreement, the court would have jurisdiction to and would enter judgment in the amount of $1,200,000 against Hellenic less the amount of any payments made by Hellenic pursuant to the Settlement prior to its default.  (Doc. No. 33-1 at 3.)  In addition, pursuant to the terms of the Settlement, upon Hellenic's default, "Hellenic will not oppose the entry of Judgment . . . . [and] in the event of the entry of Judgment in accordance with this provision, Hellenic waives all rights to seek judicial review or otherwise challenge or contest the validity of the Judgment."  (Doc. No. 33-1 at 3; *see also* Doc. No. 33-2 at 3.)

On July 15, 2020, the parties filed a stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), in which they requested that the court "retain jurisdiction to reopen the case, set aside the dismissal, and enter a Final Judgment in the event of a default under the terms of the Parties' Settlement."  (Doc. No. 30 at 2.)  On July 17, 2020, Magistrate Judge Sheila K. Oberto entered an order recognizing the parties' stipulation dismissing the action without prejudice and directing the Clerk of Court to close this case.  (Doc. No. 31.)  The magistrate judge, in the exercise of the court's discretion, declined the parties' request for the court to retain jurisdiction over the action to enforce the terms of the Settlement.  (*Id.* at 1.)

On January 12, 2022, defendant Mansfield filed the pending motion, requesting that the court reopen the case, set aside the parties' stipulated dismissal without prejudice, and enter final judgment in their favor pursuant to the terms of the Settlement.  (Doc. No. 32 at 3.)  According to defendant Mansfield, Hellenic missed making certain payments under the Settlement, and subsequently, the parties then entered into an Addendum to the Settlement Agreement and

2

Release effective October 29, 2021 that modified the payment schedule under the parties' Settlement. (*Id.* at 4.) Although Hellenic initially complied with the revised payment schedule, Mansfield asserts in their pending motion that Hellenic has not made any payments since November 19, 2021. (*Id.*) As a result, Mansfield requests that this court enter a judgment against Hellenic in the amount of $924,914.77, which represents the $1,200,000 judgment amount against Hellenic in the event of default provided for by the Settlement, less the $275,085.23 in settlement payments Hellenic has already paid. (*Id.*) Hellenic did not file either an opposition or a statement of non-opposition to the pending motion.[1]

## LEGAL STANDARD

In *Kokkonen v. Guardian Life Ins. Co. of Am.*, the Supreme Court held that district courts do not have inherent or ancillary jurisdiction to enforce the terms of a settlement agreement simply because the case underlying a settlement agreement was litigated in federal court. 511 U.S. 375, 380–81 (1994). In particular,

> *Kokkonen* expressly makes two legal principles clear: (1) when a district court expressly reserves or retains jurisdiction to enforce violations of a settlement agreement that led to a stipulated order of dismissal, it has such enforcement jurisdiction; but (2) when the district court's consent judgment does not expressly reserve enforcement jurisdiction, the district court will have jurisdiction to enforce the settlement agreement only if it incorporated the settlement agreement into the judgment.

*TI Beverage Gro. Ltd. v. S.C. Cramele Recas SA*, No. 2:06-cv-07793-VBF-JWJ, 2014 WL 1795042, at *6 (C.D. Cal. Apr. 1, 2014). If these conditions are not met, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382; *see also O'Connor v. Colvin*, 70 F.3d 530, 532 (9th

---

[1] Pursuant to Local Rule 230(c), a "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." Nonetheless, chambers staff has contacted Hellenic's counsel of record to inquire regarding the lack of a response to the pending motion. Chambers staff was advised that Hellenic had instructed its counsel in December 2021 not to respond to the anticipated motion, that counsel believes Hellenic is no longer in operation, counsel has been unable to have any further communication with Hellenic and, under these circumstances, counsel did not believe they had been authorized to file even a statement of non-opposition to the granting of the pending motion.

Cir. 1995) ("When the initial action is dismissed, federal jurisdiction terminates. A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction.") (internal citation omitted).

## ANALYSIS

Defendant argues that although this court did not retain jurisdiction to enforce the settlement agreement, the court nonetheless has an independent basis to exercise jurisdiction over this matter: diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 32 at 5.) Defendant represents that it is a "Georgia corporation with its principal place of business in Georgia" and that plaintiff is a "Florida limited liability company (with all members domiciled in Florida)." (*Id.*) In addition, defendant specifies an amount in controversy of $924,914.77. (*Id.* at 4.)

It is evident that the court does not have ancillary jurisdiction to enforce the terms of the settlement agreement in this case. In the order acknowledging the parties' stipulated dismissal of this action and directing the Clerk of the Court to close the case, the assigned magistrate judge declined to retain jurisdiction to reopen the case, set aside the voluntary dismissal, and enter a final judgment. (Doc. No. 31 at 1.) Nor did the magistrate judge incorporate the parties' settlement agreement into that order. (*Id.*); *see Covves, LLC v. Target Brands, Inc.*, No. 21-55077, 2022 WL 193208, at *1 (9th Cir. Jan. 21, 2022) ("Because the district court did not issue an order that reserved jurisdiction over the case or incorporated the settlement terms, it did not retain [ancillary] jurisdiction after the dismissal.")

Nonetheless, the court agrees with defendant that diversity jurisdiction serves as an independent basis for the court to exercise jurisdiction over the pending motion, since the pending motion concerns a dispute between diverse parties over an amount in excess of $75,000.[2] *See* 28

---

[2] In finding that the requirements for diversity jurisdiction are met here, the court finds that these requirements are met *as to the alleged breach of the settlement agreement described in defendant's pending motion*. It is irrelevant that the action underlying the pending motion initially proceeded in federal court pursuant to diversity jurisdiction. "[T]he jurisdictional basis of the prior action does not provide the jurisdictional basis of the present case; rather, the present case is aimed at effectuating the court's inherent authority to enforce an order, regardless of whether that order arose in the context of a diversity case, a federal question case, etc." *Lite On It Corp. v. Toshiba Corp.*, No. 2:07-cv-04758-SGL-AJW, 2009 WL 10669760, at *5 (C.D. Cal. Mar. 4, 2009).

4

U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States"); *Covves, LLC v. Dillard's, Inc.*, No. 2:18-cv-08518-RGK-AFM, 2021 WL 342572, at *2–3 (C.D. Cal. Jan. 8, 2021) (finding that diversity "present[s] an independent basis for jurisdiction to enforce the settlement agreement" but nonetheless exercising the court's discretion to not reopen the case); *Murtaugh v. Star Scientific Ltd.*, No. 8:15-cv-00113-DOC-RNB, 2018 WL 6136817, at *6 (C.D. Cal. May 11, 2018) (concluding that although the court lacked ancillary jurisdiction over the post-dismissal motion, diversity jurisdiction served as an independent basis on which the court had jurisdiction over the post-dismissal motion). Having found that the court has jurisdiction over the pending motion, the court will now proceed to address the merits of defendant's pending motion.[3]

As stated above, defendant requests that the court reopen this case, set aside the parties' voluntary dismissal of the case, and enter final judgment against plaintiff. (Doc. No. 32 at 1.) Pursuant to the parties' Settlement, if Hellenic did not cure a failure to make a payment within ten days, Mansfield is entitled to an entry of judgment in the amount of $1,200,000, less the amount of any payments made by Hellenic prior to its default. (Doc. No. 33-1 at 3.) Here, defendant Mansfield represents that Hellenic made payments to defendant under the Settlement totaling $275,085.23, but has not made any further payments since November 19, 2021, yielding a total of

---

[3] The court notes that, despite diversity jurisdiction serving as an independent basis for the court to have jurisdiction to enforce the parties' settlement agreement, the court could exercise its discretion to decline to reopen this case. *See Covves, LLC v. Dillard's, Inc.*, 2021 WL 342572, at *3 ("Even though Plaintiff may have satisfied its jurisdictional hurdle, the Court declines to reopen the case. . . . Because courts control their docket, not the litigants, the Court is not required—and declines to do so here—to reopen the case simply because the parties agreed to that relief."); *see also Ahanachian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) ("[D]istrict courts enjoy a wide latitude of discretion in case management."); *Keeling v. Sheet Metal Workers Intern. Ass'n, Loc. Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) ("We review the district court's decision to vacate the dismissal for abuse of discretion."). Nonetheless, the court will analyze the merits of defendant's pending motion here in the interests of judicial economy. As defendant persuasively argues, "[t]he terms of the Final Judgment have already been determined by the parties' agreement," "[t]he agreed Final Judgment will once and for all dispose of all claims of all parties to this lawsuit," and "simply entering the Final Judgment pursuant to the parties' agreement is a far more efficient . . . result than requiring the filing and prosecution of an entirely new lawsuit." (Doc. No. 32 at 5–6.)

$924,914.77 due to defendant under the terms of the parties' Settlement. (Doc. No. 33 at 2–3.) On the evidence and argument before the court, and in the absence of any information or evidence from plaintiff contradicting or refuting defendant's allegations, the court finds that defendant Mansfield is entitled to an entry of a final judgment in its favor in the amount of $924,914.77. *See Tranquilli v. VSB Investments, Inc.*, No. 1:07-cv-0433-LJO-DLB, 2008 WL 1788022, at *2 (E.D. Cal. Apr. 18, 2008) (granting plaintiff's motion to enforce a settlement agreement where defendants failed to make payments under agreement, the parties' agreement provided for the acceleration of amounts owing upon default, and defendants did not oppose plaintiff's motion); *Levin v. Sellers*, No. 4:11-cv-04783-DMR, 2013 WL 3456681, at *4 (N.D. Cal. July 9, 2013) (granting a motion for an order enforcing a settlement agreement where the provisions of the settlement agreement were "clear and unambiguous" and there was "no dispute that [defendant] defaulted on its obligations under the Settlement Agreement").[4]

## CONCLUSION

Accordingly,

1. Defendant's motion to reopen the case, set aside the parties' voluntary dismissal without prejudice, and enter final judgment (Doc. No. 32) is granted;
2. The Clerk of the Court is directed to enter judgment in favor of defendant Mansfield in the amount of $924,914.77; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 21, 2022**

                                                  UNITED STATES DISTRICT JUDGE

---

[4] Defendant also requests that the court provide for post-judgment interest accruing at a rate of ten percent *per annum* from the date of this order until the $924,914.77 amount is paid in full. (Doc. No. 32-1 at 3.) The Settlement does not provide for post-judgment interest in the event of default (or an interest rate for that matter), and defendant has presented no authority in support of such an award where interest is not provided for in the parties' settlement agreement. Therefore, the court declines to award post-judgment interest in this case.